FILED

03/30/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0146

DA 22-0146

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 57N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

TYLER FREDERICK ERICKSON,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                    In and For the County of Lake, Cause No. DC-21-143
                    Honorable James A. Manley, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Michael Klinkhammer, Klinkhammer Law Offices, Kalispell, Montana

       For Appellee:

           Austin Knudsen, Montana Attorney General, Katie F. Schulz, Assistant
           Attorney General, Helena, Montana

           James Lapotka, Lake County Attorney, Ben Anciaux, Deputy County
           Attorney, Polson, Montana

                         Submitted on Briefs:  February 8, 2023

                                Decided:  March 30, 2023

Filed:

                              _____
                                     Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Tyler Erickson appeals his convictions for felony possession of dangerous drugs in the Lake County District Court. We affirm.

¶3    In May 2021, a probation officer and law enforcement officers from Lake County Sheriff's Office and Polson Police Department conducted a probation search of Erickson's residence. The officers acted on a tip from a confidential informant who reported that Erickson threatened to bring a weapon to his upcoming probation appointment and was using heroin. During the search, the probation officer located two small plastic bags on Erickson's nightstand; subsequent testing at the Montana State Crime Lab confirmed that the bags contained methamphetamine and heroin. Lake County prosecutors subsequently charged Erickson with two counts of felony possession, in violation of § 45-9-102, MCA. The District Court denied Erickson's motion to compel disclosure of the informant's identity and his final motion to continue the trial. The case went to trial in December 2021; a Lake County jury found Erickson guilty of both charges. The District Court sentenced Erickson to the Montana State Prison for eight years for each count, to be served consecutively.

¶4     We review for abuse of discretion a trial court's discovery rulings and rulings on motions to continue. *State v. Soto*, 2020 MT 265, ¶ 8, 401 Mont. 545, 474 P.3d 815; *State v. Duncan*, 2008 MT 148, ¶ 37, 343 Mont. 220, 183 P.3d 111.

**Motion to Compel Disclosure of Confidential Informant's Identity**

¶5     Before trial, Erickson filed a motion to compel disclosure of the confidential informant's identity.[1]  He cited Montana Rule of Evidence 502(c)(2), which excepts an informant's identity from privilege if the informant may be able to testify to a relevant issue in the case.  Erickson argued that he needed the informant's identity "to have a fair trial, because without the testimony from the informant, there would not have been probable cause to conduct a search of [his] residence with the level of force that was used." The District Court denied the motion, stating that the informant was not a State witness, Erickson had not alleged reasons to doubt the informant's credibility, and Erickson had not alleged any specific information the informant could provide that would be relevant to his defense or likely lead to exculpatory information.  Erickson argues that this denial was an abuse of the court's discretion because Erickson needed the informant's identity to determine if probable cause for the search existed and because "the State's entire case rested on the credibility of the reasonable cause provided by its confidential informant."

¶6     M. R. Evid. 502 allows the State to refuse to disclose "the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation

---

[1] The document Erickson filed is captioned as a subpoena.  His appellate counsel acknowledges in the opening brief that Erickson "essentially filed a motion for the identity of the confidential informant."

3

of a law." This privilege is waived if an informant appears as a State witness or if an informant may be able to testify to a relevant issue in the case. M. R. Evid. 502(c)(1)-(2). Further, § 46-15-324, MCA, does not require disclosure of a non-testifying informant's identity if: (a) disclosure would result in substantial risk to the informant or to the informant's operational effectiveness; and (b) the failure to disclose will not infringe the constitutional rights of the accused. When determining if disclosure is appropriate under M. R. Evid. 502 and § 46-15-324, MCA, courts look to evidence a defendant has provided supporting the possible relevancy of the informant's testimony to the defense. A defendant's mere conjecture about relevancy is insufficient to warrant disclosure. *Soto*, ¶¶ 14-15.

¶7 Here, Erickson did not establish beyond conjecture that the informant's testimony would have been relevant to his defense. Erickson alleged that the ability to cross-examine the informant may have demonstrated a lack of probable cause for the probation search. He did not, however, file a motion to suppress evidence as the fruit of an unlawful search. Moreover, Erickson has not provided any evidence that such a motion would have had merit. At trial, Erickson's defense was that the State did not prove that he possessed the drugs—there is no indication that the ability to cross-examine the informant would have assisted his defense theory. Erickson claimed in a later motion to remove counsel that he wanted to pursue a defense theory that the informant held a grudge against him and planted drugs. But he filed this motion more than two months after the District Court denied his motion to compel disclosure of the informant's identity. The State did not call the informant at trial or otherwise rely on the informant's tip as evidence; rather, it relied on

4

the discovery of the bags in Erickson's residence and the subsequent testing of the substances. Given the discretionary nature of deciding discovery requests and no indication that the informant's identity would have been relevant to Erickson's defense, we conclude that the District Court did not abuse its discretion in denying the motion to compel disclosure.

¶8 Erickson briefly raises a second discovery-related issue on appeal, arguing that the District Court abused its discretion when it denied his motion to dismiss based on untimely disclosure of a second police report and additional body-camera and dash-camera footage. Erickson timely received the probation officer's report and Officer Kyle Cooper's body-camera footage showing the search of the bedroom where the drugs were discovered. One month before trial, Erickson also received Deputy Clay Shoemaker's report, describing his search of Erickson's kitchen and living room. Shoemaker was listed as a State witness but did not testify at trial and did not participate in the search of Erickson's bedroom. Nevertheless, the State was required to provide Erickson a copy of Shoemaker's report because Shoemaker was on the State's witness list. *See* § 46-15-322(1)(a), MCA. Two weeks before trial, Erickson also received Deputy Michael Wharton's body-camera footage and Deputy Shoemaker's dash-camera footage. Erickson has not demonstrated that any of these later-disclosed discovery materials were either required to be turned over to him as tangible items presented at trial or as exculpatory material. *See* § 46-15-322(1)(d)-(e), MCA. Moreover, Erickson has not demonstrated that the alleged delay prejudiced him because the later-disclosed materials did not contain evidence relating to the discovery of drugs in Erickson's bedroom. Regardless, Erickson had at least

5

two weeks to review them. We conclude that the District Court did not abuse its discretion when it refused to dismiss Erickson's charges based on alleged untimely discovery from the State.

**Motion to Continue Trial**

¶9 Erickson fired his public defender and represented himself in the proceedings leading up to trial. The day before trial, Erickson filed a motion to continue, alleging that his mother was retaining counsel for him. The District Court denied the motion because no attorney had filed a notice of appearance and Erickson had had six months to retain counsel. When Erickson's retained attorney, Michael Klinkhammer, arrived on the day of trial, the court said that Klinkhammer would be allowed to represent Erickson but the trial would begin that day as scheduled. Klinkhammer, citing inadequate time to prepare, did not represent Erickson at trial. Erickson instead represented himself with standby counsel from the public defender's office. Erickson argues that the denial of the continuance deprived him of "the benefit of legal counsel retained on his behalf," which would have allowed him to complete retesting of the substances discovered in his bedroom.

¶10 A party seeking a continuance must demonstrate diligence in preparing for trial and that a continuance is in the interests of justice. *Duncan*, ¶ 37. Two months before trial, the District Court granted Erickson's motion to retest the discovered substances. When Erickson moved on the brink of trial to continue, he did not assert to the court that he needed more time to retest the substances. It is unfair to fault a trial court for failing to rule on an issue it never had the opportunity to consider. *State v. Velasquez*, 2016 MT 216, ¶ 24, 384 Mont. 447, 377 P.3d 1235. Further, the first time the District Court heard that

6

Erickson was trying to retain counsel was the day before trial. The court reasoned that Erickson had had six months to obtain counsel. Given the lack of diligence demonstrated by Erickson, we conclude that the District Court did not abuse its discretion in denying his last-minute motion to continue.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. Erickson's convictions are affirmed.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE